DUCKER, JUDGE:
William A. Bartz III of Windsor Heights, Brooke County, West Virginia, suffered serious back and other injuries on May 26, 1973 as the result of an accident in which he was thrown from a motorcycle he was riding on the Windsor Heights Road, County Route 30, south of Wellsburg in Brooke County, West Virginia. He alleges that the road was in a bad state of repair and when the wheels of the motorcycle struck rocks, dirt, mud clods and other debris approaching a blind curve, he lost control of the motorcycle and was thrown over an embankment at the side of the road curve, suffering damages in the amount of $65,000.00.
There were no witnesses to the accident except the claimant himself. The case rests upon the question of negligence of the respondent in failure to properly maintain the road and negligence of the claimant, either wholly or as contributory. A determination of the *171 extent of the injuries and the medical expenses is not necessary in view of our decision herein of the question of liability.
According to the testimony of the claimant, he had gone to the Windsor Heights Firemen’s Club the afternoon of the day of the accident, and upon meeting his brother-in-law, he was asked if he wanted to go for a ride on the bike, meaning the “66 DSA” motorcycle which was in joint ownership between them but which had been ridden by the claimant “only a couple of times”. He had previously owned a lighter “350 Yamaha” motorcycle, which he stated that when he had his bike “he rode across that road all the time”. He left the Firemen’s Club and rode the 66 DSA motorcycle to a field a mile and a half away from the Club, turned to head back to the Club and when he came to a point forty to fifty feet before the curve he began gearing it down from 30 miles an hour to second gear at 25 and 20 miles respectively and holding to the right hand lane of the road because of the curve. He said he struck several potholes, swung around to miss one, hit some clods of dirt and then lost control of the motorcycle and was thrown from it and injured. In his trip from the Club to the field which was a mile and a half from the Club and about 800 to 1000 feet from the place of the accident, he passed the site of the accident. He admitted seeing potholes, ridges, slag and rocks in the road on both sides of the road, “but more so on the right hand side”. He couldn’t use the left hand lane because of the curve. The accident happened in good daylight, sunshiny weather.
The witness, John Dado, Deputy Sheriff of Brooke County, testified to the effect that the Windsor Heights Road was a macadam road with no berm and which was bad and had lots of chuckholes and ruts and had poor drainage with no guardrails, arrows or signs as to condition. He said he traveled the road frequently. Another witness testified to the same effect but admitted that a lot of people traveled that way but he hadn’t seen any accidents on it.
The respondent relied chiefly on the testimony of John Chuchiak, Jr., the maintenance superintendent of the respondent in Brooke County, who frequently traveled the portion of the road in question and who was in charge of the road’s maintenance. He stated that there had been no special maintenance of this road since the accident, as it had been resurfaced twice in the past ten years, that the ditch *172 along the inner lane at the curve carries the water off as the road slanted toward the ditch, that he did not consider a depression of one and a half to two inches a pothole, and that there were no potholes in the road in the area of the place of the accident. In support af his testimony the respondent introduced seven photograph exhibits portraying the road in the immediate area and of the place of the accident. These exhibits are very clear, and to the Court they support fully the testimony of the witness to the effect that there are no depressions which really amount to potholes, although there is one depression which appears slightly deeper than some of the rougher places of the road but not of the size testified to by claimant as the one he apparently thought he struck causing him to lose control of his motorcycle.
Much stress was laid by counsel as to the testimony of the witness, Chuchiak, as to the repair and maintenance work done by the respondent on the road, as not being proven by the records of the respondent, which would have been the best evidence. As the witness testified according to his own personal knowledge, we have considered that as admissible such evidence to such extent, omitting all that was not so proven. Certainly the photographs were not so subject to objection or exception.
The Windsor Heights Road is a secondary road which was apparently of the same construction and maintenance requirements as all secondary roads in the State. It was an average local service road and had to be accepted as such with the usual maintenance requirements of such class of road, and not the maintenance of a first class highway. So far as the record shows there had been no previous accidents, although the road was constantly used by the claimant himself. The road was reasonably safe for ordinary vehicular traffic. Furthermore, the accident occurred in daylight and good weather, and with previous and present full knowledge on the part of the claimant of the condition of the road, as he had just shortly before the accident ridden the motorcycle over it at the very place of the accident. We don’t know whether or not claimant’s knowledge or a lack of the operation of the motorcycle he was riding contributed to his loss of control of it, and it is not necessary for us to consider such possibility in our decision.
We are of the opinion that the respondent has not failed in its *173 duty to properly maintain this road, as there appear to be no defects or obstructions of such magnitude as to have been the proximate cause of the accident. A motorcycle with only two wheels is a more hazardous vehicle to operate than an ordinary automobile with four wheels, and when a motorcycle is ridden on a secondary road more care on the part of the rider is required. It appears to us that the claimant knowing the condition of the road, which he said contained lots of potholes, did not exercise due care or caution for his own safety, and his accident was the result of his own negligence, and if there was any negligence on the part of the respondent, then the claimant was guilty of contributory negligence.
Accordingly, we are of the opinion to, and do hereby, make no award to claimant in this matter.
No award.