RULEY, JUDGE:
On Thursday evening, June 17, 1976, an automobile driven by the claimant struck a large hole in the inside, eastbound lane of Route 1-70, just beyond the Wheeling Tunnel. The claimant alleges that respondent’s negligence caused the resulting damage to her vehicle, and seeks an award in the amount of $181.75.
Although this case closely resembles Davis Auto Parts v. Department of Highways, 12 Ct. Cl. 31 (1977), one essential element of proof in Davis is not present in this case. In Davis, the evidence indicated that the defect in Route 1-64 had been present for at least 15 hours prior to that accident; in this case, the hole apparently came into existence within an hour of the accident. Although the respondent’s duty of “reasonable care and diligence in the maintenance of a highway under all the circumstances” (Parsons v. State Road Commission, 8 Ct. Cl. 37 [1969]) may require respondent to put greater effort into the maintenance of superhighways than in the maintenance of lesser-travelled country roads (Davis, supra, and Bartz v. Department of Highways, 10 Ct. Cl. 170 [1975]), proof of actual or constructive notice is required in all cases. Davis, supra, Lowe v. Department of Highways, 8 Ct.Cl. 210. (1971), Varner v. Department of Highways, 8 Ct. Cl. 119 (1970). Such proof, found in Davis, cannot be found in the record in this case. To the contrary, the evidence indicates that the dangerous condition appeared suddenly, and that the respondent promptly moved to take safety precautions as soon as it became aware of the problem. Since negligence is not proved, and since Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), holds *61 that the State is neither an insurer nor a guarantor of the safety of motorists on its highways, this claim must be denied.
Claim disallowed.