GARDEN, JUDGE:
At about 7:00 p.m. on April 9, 1978, the claimant was operating his 1969 Chevrolet automobile in an easterly direction on Route 60 near Hurricane in Putnam County, when he struck a pothole which he estimated to be about 15 to 20 inches wide and 9 inches deep. As a result, his automobile sustained damages in the amount of $101.46. Mr. Poe testified that he was travelling at about 45 miles per hour in a 55-mile-per-hour area; that the highway was fairly straight; that it was still daylight and the weather was clear and the highway was dry; and that there were no vehicles in front of him which would have obstructed his vision or ability to see the pothole which he struck.
Mr. Poe further testified that the following morning he telephoned respondent’s headquarters in Winfield and reported *202 the incident. The lady with whom he spoke did not identify herself but did advise Mr. Poe that they knew about the pot-hole and that they had received other complaints. The lady apparently did not advise Mr. Poe as to the length of time that they had knowledge of the existence of this pothole.
Proof of actual or constructive notice of the existence of a pothole is a necessary ingredient to the establishment of negligence on the part of respondent. Cummings v. Department of Highways, 12 Ct. Cl. 59 (1977); Hoskins v. Department of Highways, 12 Ct. Cl. 60 (1977). Additionally, it must be established that after receiving notice, the respondent had sufficient time within which to take remedial action. This element was not established in this claim. Further, this Court feels that the failure of the claimant to observe the pothole and avoid striking it, certainly, at least, contributed to the accident.
For the foregoing reasons, this claim is denied.
Claim disallowed.