WALLACE, JUDGE:
On January 9, 1980, at approximately 6:00 a.m., claimant was driving across the Cow Creek Bridge of Interstate 64 west of Charleston, West Virginia, when his automobile struck a large pothole. The claimant alleges that respondent’s negligence caused the resulting damage to his 1979 Mercury Monarch autmobile, and seeks an award in the amount of $164.00.
The claimant testified that he pulled off the highway after his automobile struck the hole in the bridge. He then saw a truck hit the same hole. The driver of the truck pulled over, and he and the claimant walked back to the hole.
Dallas Sowards, an employee of the respondent, testified that he discovered a hole on the Cow Creek Bridge of Interstate 64 on the morning of January 9, 1980, between 6:00 and 6:30 a.m. while he was proceeding to work. He immediately left the vehicle in which he was a passenger in order to direct traffic around the hazard. He further testified that several vehicles hit the hole as he attempted to flag them over.' He also stated that he traveled that road every day, and this was. the first time he saw the hole in the bridge.
Proof of actual or constructive notice is a prerequisite to the establishment of negligence on the part of the respondent. Davis v. Dept. of Highways, 12 Ct.Cl. 31 (1977); Hoskins v. Dept. of Highways, 12 Ct.Cl. 60 (1977). The evidence clearly indicates that the respondent had neither actual or constructive notice of the hole in question. Respondent’s employee attempted, upon discovery of the hole, to take action to prevent accidents, but was unable to do so. The record does not establish negligence on the part of the respondent, and, since the law is well established in West Virginia that the State is neither an insurer nor a guarantor of the safety of *281 motorists on its highways, Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), this claim is hereby disallowed.
Claim disallowed.