LYONS, JUDGE:
Claimants, husband and wife, seek an award of $1,500,000.00 for *186 injuries sustained by claimant Johnnie L. Turner in a bicycle accident which occurred on August 10, 1975, on West Virginia Route 3 near Sweetland, Lincoln County, West Virginia. At the time of the accident, Johnnie L. Turner was participating in a bicycle tour sponsored, in part, by John’s Cyclery of St. Albans, West Virginia, of which he was an owner. Claimants allege that there was dirt and gravel in a blind right-hand curve in the road, and when the debris was encountered, Turner was not able to control the bicycle. He skidded across the road and into the guardrail on the opposite side. He was then thrown onto the guardrail and rendered a paraplegic.
Steven D. King, a friend of claimants’, testified that he had cycled the route on August 7, 1975, in order to make a map for participants of any hazards on the route. During this tour, he was stopped by respondent’s work crew which was cleaning ditches along Route 3. This was about 2 Vi miles from the accident site. Respondent’s records indicate that 2 4/10 miles of ditching occurred on August 8, but do not indicate where the ditching occurred or in what direction the ditching operation was proceeding. Mr. King stated that he did not remember informing claimant of the ditching operation. It is alleged that this work, being performed three days prior to the incident herein, was the source of the debris on the road.
Mr. Turner testified that before the accident, he was riding at about 12 or 13 m.p.h. He was riding on the front portion of a tandem bicycle; Mr. King rode at the rear. This was a well-travelled route for both riders; they had cycled it at least 20 times that year, about 12 times on the tandem. They were decelerating prior to entering a sharp right-hand turn. Mr. Turner stated that there was not time to react to the debris. The bicycle lost traction and slid across the road. Mr. Turner said the debris was composed of small rocks, sand and dirt, and appeared to extend towards the center line.
Charles Dennie, a participant in the tour, testified that he was riding behind the claimant and Mr. King, but did not observe the accident. He said that the road had “very fine grit” on it, and appeared to be freshly graded. Stephen G. Fisher, another cyclist travelling with claimant, said that, “As we approached the curve, I remember John saying like, ‘watch out,’ and at that time I was having problems with my bike, trying to keep it up, and I fell.” Mr. Fisher said there was mud on the surface; there had been rain earlier that morning. He also said that he observed dirt in “various locations” along the route. None of the other cyclists recalled debris at other points.
A summary of the facts allegedly establishing liability on the part of respondent are as follows: Three days before the bicycle tour, respon *187 dent’s work crew was seen cleaning ditches several miles from the accident site. Debris was encountered in a curve in the road. The debris caused claimant to lose control of the tandem bicycle. Several cyclists said that the debris “looked like” residue from a ditching operation. It is concluded by claimant, therefore, that respondent’s crews negligently failed to clear the roadway.
The Court, however, cannot make such an assumption. There are other possible reasons for the debris on the road, e.g., it may have come off a truck or the rain may have washed mud onto the road. Furthermore, respondent’s work records give only the amount of ditching done - they do not list either a starting or stopping point, nor in which direction the ditching was proceeding. Mr. King found no evidence of negligent work on that Thursday; he did not note the work on either the map or to Mr. Turner. Lastly, the Court cannot determine if there is liability on respondent’s part; or what part claimant’s own negligence, if any, may have played in the accident. The curve was repeatedly described as a sharp, blind curve. Yet, claimant was not braking the bicycle, merely decelerating. It is not possible to know if this contributed to the accident. This Court has held that a motorcycle is a more hazardous vehicle to operate than an automobile. Bartz vs. Dept. of Highways, 10 Ct.Cl. 170 (1975). This is also true of a two-wheeled bicycle and perhaps more so with a tandem bicycle. The State is neither an insurer nor a guarantor of the safety of persons travelling on its roadways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). The Court is not unmindful of claimant’s injuries, but it is necessary to examine all of the facts in evidence in reaching a decision. In order to find respondent liable, the Court would be required to speculate, which it cannot do. The claim must, therefore, be denied.
Claim disallowed.