PER CURIAM:
These claims were consolidated for hearing as the factual situations in each are identical. On April 2, 1985, the claimants, while operating separate vehicles, were travelling westbound lanes near the Montrose exit on Interstate 1-64, Kanawha County. Each of the vehicles struck the same hole in the pavement of the highway. Both vehicles, a 1982 Chevrolet Cavalier, and a 1980 Buick Regal, were damaged. Ms. Moore, owner of the Chevrolet, seeks an award of $379.91; Ms. Taylor, owner of the Buick seeks $384.09.
The hole struck by the vehicles was located in the center lane of the westbound lanes on Interstate 64 where the highway has three westbound lanes. Ms. Moore's accident occurred at 8:35 p.m.; Ms. Taylor's at approximately 8:15 p.m. The pavement was dry at the time of the accidents. Ms. Moore testified that she was unaware how long the hole had been in existence. Ms. Taylor testified that she had observed an *71 indentation in the road prior to her accident, however the indentation was not a pothole at that time.
Paul Totten, a claims investigator for respondent, testified that he became aware of the pothole when he was notified of it on march 28, 1985. He notified respondent's maintenance crew on March 29, 1985.
Ray Harmon, respondent's employee, testified that on March 29, 1985, he went to the area of the Montrose exit on 1-64 after work and patched a pothole. George Harris, also employed by respondent, testified that he assisted Harmon, and that they used "cold mix." Carl Young, another of respondent's employees, testified from respondent's work sheets that work was done on the potholes in the area of the Montrose exit on both March 29, 1985, and April 1, 1985. He further testified that a five-person crew worked through the night of April 2, 1985, and repaired the hole with "Quick-Crete." Herbert Boggs, Interstate Coordinator in District 1 for respondent, confirmed that he had inspected the completed work on the morning of April 3, 1985, and at that time there was no hole present.
Although the respondent's duty of reasonable care and diligence in the maintenance of a highway under all the circumstances, Parsons vs. State Road Commission, 8 Ct.Cl. 37 (1969), may require respondent to put greater effort into the maintenance of superhighways than in the maintenance of the lesser-travelled county roads, Davis Auto Parts vs. Department of Highways, 12 Ct.Cl. 31 (1977), and Bartz vs. Department of Highways, 10 Ct.Cl. 170 (1975), proof of actual or constructive notice is required in all cases. The evidence in this record indicates that the dangerous condition appeared suddenly, and that the respondent promptly moved to take safety precautions as soon as it became aware of the problem. Barnhart vs. Department of Highways, 12 Ct.Cl. 236 (1979). Adkins vs. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947), holds that the State is neither an insurer nor a guarantor of the safety of the motorists on its highways. The Court is of the opinion that negligence on the part of the respondent has not been established and, therefore, the Court denies these claims.
Claim disallowed.