PER CURIAM:
On December 17, 1986, at approximately 10:0 a.m., claimant was operating her 1981 Plymouth reliant in a southerly direction on 1-77 when her automobile struck an expansion joint. Claimant originally filed the claim in both her name and that of her husband, Daniel J. Shaffer. The car is titled solely in the name of Kim P. Shaffer. The Court, upon its own motion, amended the style of the claim to dismiss Daniel J. Shaffer as a claimant.
Claimant was travelling from her home in Elkview to Charleston. It was cloudy, and the road was dry. She observed a police automobile on the side of the road with its flashing blue lights in operation. She also observed an expansion joint extended perpendicular to the highway surface approximately 12-18 inches above the highway. She was proceeding in the center lane of the three-lane highway, and the joint was blocking most of two lanes. She swerved her *130 vehicle to the right, and the automobile struck the joint. She testified that she was travelling at a speed of 35-40 miles per hour. Damage to the Reliant included bent rims on two tires, among other damages. She seeks $1,091.06.
Mrs. Shaffer is unaware how long this condition existed. She does not know if it was reported to respondent previous to her accident.
Herbert C. Boggs, Interstate Maintenance Assistant for respondent, testified that he was involved with the accident site's location at the time of the accident. He had not received notice prior to the date of the accident. He was notified approximately 30 minutes before the accident. He stated that it is impossible to anticipate problems with expansion joints present on the highway.
For the respondent to be liable for damages caused by road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Davis vs. Department of Highways, 12 Ct. Cl. 31 (1977); Hoskins vs. Department of Highways, 12 Ct.Cl. 60 (1977); and Hicks vs. Department of Highways, 13 Ct.Cl. 310 (1980). It is the opinion of the Court that, although respondent did have actual notice in this case, the respondent lacked the time to effect repairs. This claim must be denied.
Claim disallowed.