PER CURIAM:
Claimant brought this action to recover for damage to her automobile when it struck a hole. She seeks $615.07 as compensation for the damages.
On or about June 12, 1988, claimant was travelling on the Dunbar Toll Bridge in Kanawha County. It was approximately 9:15 a.m. She was on her way to church and was alone in her vehicle, a 1982 Oldsmobile Omega, at the time of this incident. She was proceeding from Route 60 in St. Albans to Dunbar. The weather was clear. The surface of the bridge is blacktop, and claimant's speed was approximately 35 miles per hour. She was operating her vehicle in the right-hand lane when her automobile encountered a hole on the bridge. She did not see the hole until her vehicle was upon it. The vehicle struck the hole with the left front tire. Claimant travels this route three or four times a month. She was unaware how long this particular hole had been in existence.
She noticed some irregularity in her vehicle after the accident. Approximately a month following the incident, she took her vehicle to have it checked. At that time, it was estimated that the cost of repair was $615.07, which is the amount she seeks.
Roger Lee Higginbotham, Supervisor for the North Charleston Section of Kanawha County for respondent, testified that the bridge is a State-maintained bridge on Route 25/47. He checked his records from May 15, 1988, to June 15, 1988, to determine if any complaints had been reported concerning the accident site, and whether any work had been done by the respondent in that area. He determined that there was no record of work being done, nor was there a record of complaints made regarding the area in question.
The law of West Virginia is well established that the State neither insures nor guarantees the safety of motorists on its highways. Adkins vs. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947). For the respondent to be found liable for damages caused by road defects of this type, the claimant must prove that the respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Davis vs. Dept. of Highways, 12 Ct.Cl. 31 (1977); Hoskins vs. Dept. of Highways, 12 Ct.Cl. 60 (1977); Hicks vs. Dept. of Highways, 13 Ct.Cl. 310, (1980). As there was no such evidence presented, this claim must be disallowed.
Claim disallowed.