BAKER, JUDGE:
This claim, originally brought in the name of Sharon Kirk, as guardian of Jennifer Myers, and amended when the Court was informed that Jennifer Myers is now of majority, was filed against the Division of Highways alleging negligent failure to maintain a bridge on Route 3/5 near Breeden, Mingo County.
On May 28, 1993, Jennifer Myers, then 15, was riding her bicycle with several friends in the general vicinity of her home near Breeden. Between 6 and 7 p.m., she was crossing an old railroad bridge converted to highway traffic known as the Zion Church Bridge, when she fell with her bicycle through a gap between the bridge decking and the bridge girders. She fell about ten (10) feet to the creek bed below, and suffered a cerebral concussion and compression fracture of five vertebrae. The parties stipulated that resulting incurred medical expenses were $6,590.25 and that respondent was responsible for maintenance of the bridge.
The record indicates that at the time of the accident, Miss Myers was wearing a helmet, and was sitting astride her bicycle, walking it across the bridge by pushing it with her feet. She testified that she had walked across this bridge previously, but that she had never ridden her bicycle across it. One of her friends was riding in front of her and inadvertently kicked up a loose board in passing. The front tire of Miss Myers’ bicycle became lodged in the crack, causing her to lose control of her bicycle and fall through a gap between the bridge deck and girder.
*4 The Zion Church Bridge was constructed for railroad use about 100 years ago and later was converted to highway use, and it was taken into the State highway system in 1933, according to respondent’s witnesses. At the time of the accident, there were “Narrow Bridge” signs on both sides. The deck was 12 feet wide, consisting of laminated 2" by 6” planks, nailed together and turned up on end. Parallel 3" by 8" planks were nailed flat on the decking to direct traffic over the underlying, load-bearing I-beams of the bridge. The gap between the deck and the bridge girder, or railing, was roughly two (2') feet, three (3") inches.
Wilson Braley, Huntington District Engineer for respondent and district bridge engineer in 1993, testified that the purpose of the gaps between deck and girder on this type of converted railroad bridge is to discourage traffic from straying from the deck runners and underlying supporting I-beams, which could cause damage to the bridge.
Barry Mullins, respondent’s Mingo County supervisor, testified that there are approximately 500 miles of state road in Mingo County, that State Route 3/5 is a secondary road in terms of maintenance priority, and that his crew does maintenance on these types of bridges approximately 10 to 12 times a year in the Breeden area. Mullins testified that the last major repairs to the Zion Church bridge were done was in 1991 or 1992, and that the wooden boards on these bridges break often. Mullins testified that the bridge, as depicted on video tape shortly after the accident, was indeed in need of repair and that a truck ran off it not too long before. And he further testified that the problem of boards breaking or coming loose is common on these types of bridges. This court notes that respondent did not produce DOH-12 records that would document maintenance performed during the year preceding the accident.
From the videotape introduced into the evidence as Claimant’s Exhibit No. 2, the Court further observes that the bridge in question was a continuous hazard to automotive, bicycle and pedestrian traffic.
The law of West Virginia is well established that the state is neither an insurer nor a guarantor of the safety of travelers upon its highways. This Court has also previously held that two-wheeled motorcycles and bicycles are more hazardous to operate than an automobile, and that more care may be required of the operator. Turner vs. Dept. of Highways, 15 Ct. Cl. 185 (1984); Bartz vs. Dept. of Highways, 10 Ct. Cl. 170 (1975). Finally, the Court has held that when the respondent should have anticipated the deteriorating condition of wooden bridges under its control that failure to properly maintain them constitutes negligence. Eller vs. Department of Highways, 13 Ct. Cl. 155 (1980).
In the Turner decision, this Court disallowed a claim involving a bicycle accident, allegedly caused when respondent left debris on the road causing the claimant to lose control of his bicycle and crash during a cycling tour. The Court lacked sufficient evidence to determine what caused the accident, and whether claimant’s own conduct was contributory. In the present case, the evidence indicates that the loose boards triggering this accident was a condition that was readily apparent and clearly foreseeable by respondent. Moreover, the testimony indicates that Jennifer *5 Myers was proceeding with great care over the bridge. The Court finds that Respondent should have known or discovered the loose boards and made necessary repairs to its bridge, and that failure to do so constitutes negligence. This Court also finds that the claimant was free from any comparative negligence.
The parties stipulated to damages of $6,590.25, and claimant has submitted supporting medical documentation. The Court is also of the opinion that claimant should receive compensation for pain and suffering in the amount of $20,000.00.
It is therefore the opinion of the Court that an award be made to claimant in the amount of $26,590.25.
Award of $26,590.25.