WALLACE, JUDGE:
The claimant filed this claim against the respondent in the amount of $35.74 for damages to his 1978 Mercury Monarch automobile which occurred on January 1, 1979.
On the day of the accident, the claimant was driving on Route 1/5 from Logan, West Virginia, to his farm. It was daylight. He described the weather as “mushy”. The claimant testified that he was proceeding at eight to ten miles per hour when he struck a large hole in the road, resulting in damage to the power steering hose and the loss of power steering fluid in his automobile. He further stated that he drove to and from his farm on this road every two to three weeks and knew that the road was in bad condition.
Route 1/5 is a secondary road which, apparently, is of the same construction and maintenance requirements as are all secondary roads in the State. It is an average, local scenic road and has to be accepted as such with the usual maintenance requirements of such class of road, and not the maintenance of a first-class highway. See Bartz v. Dept. of Highways, 10 Ct. Cl. 170 (1975).
The consistent position of the Court with respect to cases involving highway defects is outlined in the opinion in Parsons v. State Road Comm’n., 8 Ct. Cl. 35, as follows:
“This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all circumstances. The case of Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947) holds that the user of the highways travels at his own risk and that the State does not and cannot assure him a safe journey. The mainte *28 nance of highways is a governmental function and funds available for road improvements are necessarily limited. Varner v. Dept. of Highways, 9 Ct. Cl. 219 (1973).”
From the record in this case, the Court finds that the claimant has not proved such a positive neglect of duty on the part of the respondent as would impose a legal obligation upon the respondent to pay the claimant’s damages. Accordingly, the Court is of the opinion to and does hereby disallow this claim.
Claim disallowed.