PER CURIAM:
Claimants, Debra Y. Brown and Wendell D. Brown, seek an award of $2,500.00 from respondent, Division of Highways, for damage to their vehicle, a 1986 Monte Carlo.
The damage to claimants' vehicle occurred while Mrs. Brown was driving on Route 73 near Campbells Creek on March 9, 1995, between 11:00 p.m. and 11:30 p.m. According to Mrs. Brown, she was traveling approximately 40 miles per hour when she observed a tree protruding into the road. Although Mrs. Brown attempted to avoid the tree, she was unable to drive around the tree due to oncoming traffic. As a result, the tree scraped claimants' vehicle and caused damage to the body of the vehicle. Mrs. Brown estimated the tree was ten inches in diameter and protruded one foot into the road. In addition, Mrs. Brown testified that the end of the tree which struck the vehicle had been cut off. Mrs. Brown submitted into evidence two different estimates for repairing the vehicle, the first estimate was made on March 15, 1995, and totaled $3,121.63. the second estimate was made on March 24, 1995, and totaled $1,988.21. At the time of the accident, Mrs. Brown believes the damaged vehicle was covered by comprehensive and liability insurance with a $300.00 deductible provision.
James Dingess, a supervisor for the respondent, testified he is responsible for general road maintenance in the vicinity of Route 73. Mr. Dingess described Route 73 as a two-lane second priority road. He also estimated the pavement surface is twenty-four feet wide with shoulders that are two feet wide. According to Mr. Dingess, the Campbells Creek area received high winds and a heavy snowfall on March 8, 1995. These conditions created slippery roads and resulted in numerous fallen trees throughout the area. In response, road crews were engaged in snow and tree removal operations on March 8, 1995. Although Mr. Dingess was unaware of the particular tree involved in this accident, he testified that tree removal work should include moving the cut trees off of the road and berm.
In West Virginia, respondent has a duty to exercise reasonable care and diligence in maintaining roads under all circumstances. Hobbs v. Dept. of Highways, 13 Ct. Cl. 27 (1979). For respondent to be hid liable for damage caused by a defective road condition, it must have had *43 either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the record indicates that weather conditions caused trees to fall onto roads in several areas, and respondent dispatched road crews to remove the trees on the day prior to Mrs. Brown's accident. This is corroborated by evidence that the tree which damaged claimants' vehicle had been cut prior to the accident. Based upon the foregoing, it is the opinion of the Court that respondent had notice of the tree, and was negligent in failing to remove the tree from the traveled portion of the roadway.
Therefore, the Court makes an award in the amount of claimants' insurance deductible, $300.00.
Award of $300.00.