PER CURIAM:
The claimant, James Sellards, seeks an award of $1,583.24 from the respondent, Division of Highways, for damage to his vehicle, a 1986 Pontiac Fiero. The claimant alleges that the damage was caused by defective road conditions on Route 28, also known as Frozen Camp Creek Road, in Jackson County.
*101 The evidence adduced at the hearing of this claim on April 10, 1996, established the following facts. On July 8, 1995, at approximately 2:00 a.m., the claimant was towing his vehicle behind a large truck. The claimant’s vehicle was positioned on a towing dolly such that the rear wheels were immobilized on the dolly and the front wheels were rolling on the roadway. The vehicle was damaged when it was pulled through a hole in the roadway of Frozen Camp Creek Road, and the vehicle scraped the road surface. At the time of this accident, driving conditions were dark and foggy and the claimant was traveling ten miles per hour.
Later that same morning, the claimant drove his vehicle on the same portion of road where it had been damaged while being towed. On this occasion, the claimant’s vehicle struck a different hole in the roadway and received additional damage.
Gregory R. Sellards, the claimant’s father, testified that he lives along Frozen Camp Creek Road and he had informed the respondent about the condition of the roadway on several occasions. Moreover, Mr. Sellards stated that he had warned his son about the poor condition of Frozen Camp Creek Road prior to the accident. Ron Shaffer, an equipment operator for the respondent, also lives on Frozen Camp Creek Road, and that the respondent made some repairs to the road in May, 1995, shortly after a flood occurred. However, he believed the road remained in rough condition.
Bill McVay, the Jackson County maintenance superintendent for the respondent, described Frozen Camp Creek Road as a one lane secondary road with a chip and tar surface approximately fourteen feet wide. Mr. McVay further explained that Jackson County experienced periodic flooding during May and June, 1995. As a result, numerous rods throughout the county, including Frozen Camp Creek Road, were damaged.
In West Virginia , the law governing claims from road defects is well established. The duty owed by the respondent to motorists is one of reasonable care and diligence in the maintenance of highways under all circumstances. Lewis v. Dept. of Highways, 16 Ct. Cl. 136 (1986); Hobbs v. Dept. of Highways, 13 Ct. Cl. 27 (1979). However, this duty does not make the respondent a guarantor of the safety of motorists on its highways, nor does it mitigate the duty of motorists to operate their vehicles in an appropriate manner for the existing road conditions.
In this claim it was undisputed that Frozen Camp Creek Road, along with other roads in Jackson County, was adversely affected by floods which occurred during May and June, 1995. The record indicated that the respondent took immediate action to repair the rods corresponding to the priority of the road and the severity of the damage. This work included road stabilization, ditch cleaning, and installation of new culverts. Although the claimant challenges the sufficiency of these repairs, factors such as the priority of Frozen Camp Creek Road, the number of other roads in need of repair, and the limited resources available to the respondent, indicate that the respondent fulfilled its duty to exercise reasonable care. Therefore, the Court concludes that this claim must be denied.
Claim disallowed.