PER CURIAM:
The claimant, Mark R. Barnard, seeks an award of $500.00 from the respondent, Division of Highways, for damage to his vehicle. The actual amount of damage to the claimant’s vehicle totaled $785.60; however, the claimant testified that his automobile insurance will pay for the damage in excess of the initial $500.00. The damage occurred on February 2, 1996, at approximately 11:00 a.m., while the claimant was driving on Eli Locust Road in Wood County. He was traversing this road as an employee of the U.S. Postal Service to deliver mail to residents living in the area, during the drive, the claimant encountered an oncoming vehicle in a blind curve. Unfortunately, neither vehicle was able to stop and two vehicles struck head on. At the time of the collision, the roadway was snow covered and icy. According to the claimant, visibility was severely limited throughout the curve due to the topography of the terrain near the roadway. The claimant also added that he believes the curve poses a substantial hazard to motorists. Photographs of the accident location revealed that the sight distance through the curve is limited by high embankments adjacent to the road.
Tim Swearingen, a crew leader for the respondent, acknowledged that visibility was limited in the curve where the claimant’s accident occurred, but he noted that the conditions on Eli Locust Road are similar to numerous other roads in Wood County. Mr. Swearingen also testified that Eli Locust Road was a low priority road; and therefore, it was not treated for snow and ice removal until the higher priority roads were clear.
This Court has consistently held that the respondent has a duty to exercise reasonable care in maintaining roads under a variety of circumstances. Hobbs v. Dept. of Highways, 13 Ct. Cl. 27 (1979). However, this duty does not make the respondent a guarantor of the safety of motorists traveling upon its highways, and every motorist has a responsibility to operate his or her vehicle in a cautious and prudent manner for the existing road conditions.
There are many low priority single lane gravel roads throughout West Virginia which follow a steep and winding course. The mountainous topography and rural nature of this State require the respondent to build these types of roads. Although these low priority roads must be maintained in a reasonable state of repair, it is impossible for the respondent to maintain these roads to the same degree as high priority roads which are used by a large number of motorists.
The evidence in this claim revealed that the accident occurred on a low priority one lane gravel road which is similar to many other roads throughout the State. Although the claimant’s accident is unfortunate, the Court cannot find that the claimant has established any liability on behalf of the respondent for his damages. Accordingly, based on the reasons stated above, this claim must be denied.
*105 Claim disallowed.