PER CURIAM:
*108 The claimant, Vernon Dingess, seeks an award of $991.15 from the respondent, Division of Highways, for damage to his vehicle, a 1990 Ford Ranger. The damage occurred on February 12, 1996, while the claimant was traveling on Corridor G, also known as Route 119, near the Logan Exit. According to the claimant, the roadway was snow covered and slick, and he was driving approximately nine miles per hour. Nevertheless, the claimant’s vehicle began to slide, and it veered off the road and struck two large rocks. As a result of the collision, the wheels, tires, and suspension were severely damaged. The claimant submitted several repair bills into the record. These bills totaled $770.48. The claimant further testified that he had insurance on his vehicle, and his deductible was $100.00. However, he refused to file a claim under his insurance policy because he did not believe his insurance company was at fault.
Dana C. Vance, a crew leader for the respondent, testified that he was responsible for scheduling road maintenance work where the accident occurred. According to Mr. Vance, the two rocks involved in this claim fell off one of the respondent’s trucks approximately one month before the claimant’s accident. At this time, road crews for the respondent rolled the rocks off the berm and onto a grassy area adjacent to the roadway. Mr. Vance stated that he was unable to take a loader off the respondent’s equipment lot to remove the rocks because it was needed for snow removal and ice control activities.
This Court has held on numerous occasions that the respondent does not guarantee the safety of motorists upon its highways. However, this principle does not alleviate the respondent of its duty to exercise reasonable care in maintaining roads under all circumstances. Hobbs v. Dept. of Highways, 13 Ct. Cl. 27 (1979). In essence, the respondent’s duty requires that it conduct maintenance activities in a prudent manner to resolve problems as efficiently as possible.
The evidence presented in this claim revealed that the respondent created a traffic hazard along Route 119, and this hazard existed for approximately one month before action was taken to remedy the problem. Although this Court recognizes the importance of snow removal activities during the winter season, we cannot find that the respondent was engaged in these activities to the extent that it could not spare one piece of equipment at any time during the month of January to remove two rocks. This is especially true when one considers that the rocks were placed along the roadway by maintenance workers for the respondent.
Based on the reasons stated above, the Court finds that the respondent is liable for the damage to the claimant’s truck. However, the record indicates that the damage was covered by the claimant’s automobile insurance. In the claim of Sommerville vs. Division of Highways, unpublished opinion issued January 4, 1991 (CC-89-374), this Court noted that insurance premiums are paid by insureds for insurance, and accumulated premiums or reserves are used by insurers to pay claims by their insureds. If no claims are made, the premiums are never expended by the insurer. This is a risk assumed by insurance companies for valuable consideration, and there is no reason the company should escape this risk. Therefore, any award by this Court is limited to the amount of the deductible for the claimant’s policy. Accordingly, the Court makes an award to the claimant in the amount of $100.00.
*109 Award of $100.00.