PER CURIAM:
The claimant, Chris Kennedy, seeks an award of $145.28 from the respondent, Division of Highways, for damage to his vehicle. The damage occurred on November 8, 1995, while the claimant was driving on Route 3 in Raleigh County. During the drive, the claimant was proceeding forty miles per hour when his vehicle struck a hole in the pavement. Photographs of the hole indicated that it was approximately two and a half inches deep. The photographs also revealed that a railroad was embedded in the hole. As a result of the collision, the rim and tire on the claimant’s vehicle were damaged. The cost to repair the vehicle totaled $145.28.
Dale Hughart, the assistant Raleigh County Supervisor for the respondent, testified that he was familiar with the area where the accident occurred and he described Route 3 as a high priority road. The respondent’s maintenance records indicated that numerous holes in the surface of Route 3 were patched on November 2, 1995. However, on November 7, 1995, Mr. Hughart’s office received a complaint about the hole and railroad rail. According to Mr. Hughart, an eighteen inch segment of the rail was removed; and the hole was patched that same day.
The evidence revealed that the railroad tracks had been abandoned by CSX sometime prior to November 8, 1995, and the respondent paved over the rails instead of removing them. Mr. Hughart indicated that the railroad tracks should have been removed prior to paving because the rails had a tendency to penetrate through the pavement surface. However, Mr. Hughart believed that CSX was responsible for removing the rails rather than the respondent.
In this State, the respondent has a duty to exercise reasonable care and diligence in the maintenance of highways. Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979). Although this duty does not make the respondent an insurer of motorists upon its highways, the respondent must maintain its roads in a reasonably safe condition under all types of circumstances.
In the instant claim, the record revealed that the respondent was aware of the road defect *113 and its recurring nature. Nevertheless, the respondent failed to properly correct the defect within a reasonable time period. Therefore, the Court finds that the respondent was negligent in its maintenance of Route 3. Based on the reasons stated above, the Court makes an award to the claimant in the amount of $145.28.
Award of $145.28.