PER CURIAM:
The claimants, Charles L. and Wilma Burr, seek an award of $2,250.00 for damage to their vehicle, a 1985 Dodge Lancer. The damage occurred on January 26, 1996, at approximately 3:00 a.m., while Mr. Burr was driving on Route 33/250 near the Third Ward School in Elkins, Randolph County. During the drive, Mr. Burr was traveling between twenty-five and thirty miles per hour when the vehicle struck a large hole. The hole was located near the center line and it was approximately thirty-one inches wide. Mr. Burr testified that he was aware of the hole and he decelerated before the collision, but rain and darkness prevented him from seeing the hole in time to avoid it.
As a result of the accident, the vehicle sustained severe frame and suspension damage. Three repair estimates were admitted into evidence. Each estimate indicated that the value of the vehicle was less then the cost to repair the vehicle. The approximate value of the vehicle, prior to the accident, was $2,250.00.
Lewis B. Gardener, the assistant Randolph County Supervisor for the respondent, described *134 Route 33/250 as a top priority road. Mr. Gardener testified that the hole involved in this claim was created when city employees repaired a water line under the roadway. Mr. Gardener was aware of the hole prior to the claimant’s accident, and he noted that the water line problem occasionally caused ice to form on the road. Although Mr. Gardener believed that the City of Elkins was responsible for repairing the hole, he acknowledged that the respondent had a duty to make sure the roadway was properly repaired. Mr. Gardener also noted that during January, 1996, several roads in Randolph County were closed due to flood damage, and road maintenance efforts were focused on reopening these roads rather than performing patching work.
It is well established that the State has a duty to use reasonable care and diligence to maintain streets and highways in a reasonably safe condition. Lewis vs. Dept. of Highways, 16 Ct. Cl. 136 (1986); Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979).
It is clear from the evidence in this claim that the respondent was aware of the hole and why the hole was present in the roadway, but it did not properly monitor the work by the City of Elkins to insure the hole was repaired. The evidence also established that the claimant was aware of the location of the hole, and he had avoided it on occasions before January 26, 1996.
Based on the above, the Court finds that the respondent and Mr. Burr were negligent. Therefore, the Court makes an award to the claimants in the amount of 70% of their damages for a total award of $1,575.00.
Award of $1,575.00.