PER CURIAM:
The claimants, Mark and Donna Finkenbinder, seek an award of $459.22 from the respondent Division of Highways, for damage to their vehicle, a 1992 Ford Taurus. The damage occurred on March 23, 1996, at approximately 2:30 p.m., while the claimants’ daughter, Erin Marie Finkenbinder, was driving the vehicle. During the drive, Ms. Finkenbinder was proceeding at approximately thirty miles per hour Route 73/73 near the intersection with U.S. Route 250 in Marion County when the vehicle struck a large hole in the pavement. Mr. Finkenbinder estimated that the hole was three feet long, four feet wide, and between six and twelve inches deep. As a result of the collision, the vehicle sustained damage to the tie rods, rims, and tires. Two repair receipts were admitted into evidence. These receipts indicated that the cost to repair the vehicle was $459.22.
Harold Swidler, a transportation crew chief for the respondent in Marion County described Route 73/73 as a top priority two lane road. Mr. Swidler testified that he was aware of the hole involved in this claim approximately one month prior to Ms. Finkenbinder’s accident. According to Mr. Swidler, the hole was a recurring problem, and road crews periodically checked the hole and repaired it with cold mix patching material. Mr. Swidler acknowledged that the cold mix material did not last very long, but he noted that permanent hot mix patching material was not available until April 10, 1996.
In Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979), this Court determined that the respondent has a duty to exercise reasonable care and diligence in maintaining its roads under all circumstances. Under this standard, a claimant may establish liability on behalf of the respondent for damage caused by a defective road condition if the record reveals, by a preponderance of the evidence, that the respondent had actual or constructive notice of the defect and failed to take correction action within a reasonable time.
The record in this claim reveals that the respondent was aware of the hole prior to March 23, 1996, but it was unable adequately to repair the area due to the unavailability of hot mix patching material. Based on these facts, this Court believes that the respondent should have posted warning signs to alert motorists of the poor road condition. This Court also finds that the failure to warn motorists of a known roads defect which posed a substantial risk of harm to motorists was a breach of the respondent’s duty to exercise reasonable care and prudence in maintaining its roads.
It is the decision of this Court that the claimants have established liability on behalf of the respondent for the damage to their vehicle. Accordingly, this Court makes an award to the claimants in the amount of $459.22.
Award of $459.22.