PER CURIAM:
The claimants, Randall L. and Debra S. Morgan, seek an award of $223.73 from the respondent, Division of Highways, for damage to their vehicle, a 1988 Plymouth Sundance. The damage occurred on March 19, 1996, at approximately 7:15 p.m., while Ms. Morgan was driving at thirty-five miles per hour on Route 73/73 in Marion County, near the Middletown Mall. During the drive, the claimants’ vehicle struck a hole in the pavement surface near the right side of the roadway. The hole was eighteen inches wide and six inches deep. Ms. Morgan testified that there were no signs present to warn motorists of the hole. She also noted that she could not see the hole because it was covered with water. As a result of the collision, the vehicle sustained damage to its wheel, motor mount, and constant velocity joint. The cost to repair the vehicle totaled $223.73.
Harold Swidler, a transportation crew chief for the respondent in Marion County described Route 73/73 as a top priority two lane road. He estimated that each lane was ten feet wide. According to Mr. Swidler, the hole involved in this claim was a recurring problem, and road crews made several attempts to repair the hole with cold mix patching material. Mr. Swidler acknowledged that the cold mix material did not last very long, but he noted that permanent hot mix patching material was not available.
In Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979), the Court determined that the respondent has a duty to exercise reasonable care and diligence in maintaining its roads under all circumstances. Under this standard, a claimant may establish liability on behalf of the respondent for damage caused by a defective road condition if the record reveals, by a preponderance of the evidence, that the respondent had actual or constructive notice of the defect and failed to take corrective action within a reasonable time.
The record in this claim revealed that the respondent was aware of the hole prior to Ms. Morgan’s accident, but it was unable to adequately repair the area due to the unavailability of hot mix patching material. Based on these facts, this Court believes that the respondent should have posted warning signs to alert motorists of the poor road conditions. This Court also finds that the respondent’s failure to warn motorists of a known road defect which posed a substantial risk of harm *139 was a breach of its duty to exercise reasonable care and prudence in maintaining roads.
It is the decision of this Court that the claimants have established liability on behalf of the respondent for the damage to their vehicle. Accordingly, this Court makes an award to the claimants in the amount of $223.73.
Award of $223.73.