PER CURIAM:
The claimant, Lisa J. Pratt, seeks an award of $695.28 from the respondent, Division of Highways, for damage to her vehicle, a 1994 Chevrolet Cavalier. The damage occurred on January 26, 1996, at approximately 6:30 a.m., while the claimant was traveling on Route 33 near Elkins, Randolph County. According to the claimant, she was driving thirty miles per hour when her vehicle struck a hole near the right side of the roadway. The claimant testified that she was aware of the hole, but she was unable to avoid it because a large truck crossed over the center line and into her lane. As a result, there was not enough space for the claimant to avoid the hole and the truck. After the collision, the claimant noticed that her vehicle began to vibrate and emit a strange odor. She later discovered that the suspension and radiator on the vehicle had been damaged. The cost to repair the vehicle totaled $695.28. The claimant testified that she had full coverage insurance on her vehicle with a $500.00 deductible, but that the deductible was only applicable if the damage was a collision claim rather than a comprehensive claim.
Lewis Garner, an assistant maintenance supervisor, for the respondent, described Route 33 as a top priority road in Randolph County. Mr. Gardner testified that he was aware of a recurring problem in the pavement surface where the claimant’s accident occurred, prior to January 26, 1996. Nevertheless, Mr. Gardner noted that road crews were unable to patch the roadway due to other road problems which developed in Randolph County during January, 1996. According to Mr. Gardner, heavy snows and flooding created dangerous driving conditions and destroyed portions of roads at various locations throughout the county. The cumulative effect of these conditions required *140 the respondent to concentrate its maintenance efforts on areas which posed more substantial risks to motorists than the area where the claimant’s accident occurred.
In Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979) this Court determined that the respondent owes a duty to motorists to exercise reasonable care and diligence in maintaining roads under all circumstances. However, this duty does not make the respondent an insurer of the safety of motorists, nor does it lessen a motorist’s responsibility to operate his or her vehicle in a reasonable and prudent manner under existing road conditions.
The evidence reveals that the respondent was on notice of the deteriorating pavement surface where the claimant’s accident occurred, and it had attempted to repair the area prior to the claimant’s accident. The evidence also indicates that the claimant was aware of the defective road condition, and she had avoided it on prior occasions.
Based on these reasons, the Court finds that the respondent and the claimant were negligent. Therefore, the Court makes an award to the claimant in the amount of 70 % of her damages for a total award of $486.70.
Award of $486.70.