PER CURIAM:
The claimant, Steven B. Drain, seeks an award of $130.00 from the respondent, Division of Highways, for damage to a-tire. The damage ocourred on July 8, 1996, at 2:30 p.m., while the claimant was driving on Route 36, also known as the Opekiska Road, in Mdnongalia County.' At this time, the claimant was following approximately 100 feet behind a tar and chip machine when a tire on his vehicle began losing air and immediately went flat.1 The claimant stopped his vehicle and discovered a piece of glass had cut one of his tires-. The claimant’s testimony- indicated that the tar and-chip machine-was operated by the respondent, and-there were-'no signs or-traffic control devices to assist motorists around the machine. The claimant contends-that the glasS-was-placed on the road as part of the tar and chip mixture, and the respondents employees failed to remove the glass after the tar and chip machine passed over the afea.
As a result of this incident, the claimant’s tire was damaged beyond repair. In the claimant’s Notice of Claim he estimated that the cost to replace the tire could vary between $80.00 and $120.00. However, as estimate was admitted into evidence which -indicated that the cost to replace the tire would total $130.00. - - ■. ■
Kathy Westbrook, an assistant supervisor for the respondent in Monongalia County, confirmed that the respondent resurfaced a portion of Route 36 on July 8, 1996. According to Ms. Westbrook, it is normal procedure-on a tar and chip project to install warning-signs along the road, use a pilot truck to control traffic through the work area, and compact the tar and chip;material after it is placed on the road, and she was unable to state' with certainty that normal procedures were followed on July 8, 1996.
The law of West Virginia is well settled that the State is not guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d, 81 (1947). However, the State does have a duty to exercise reasonable care and diligence in the maintenance of its highways under all circumstances. Adams vs. Dept. of Highways, 14 Ct. Cl. 214 (1982); Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979).
In the instant claim, there was no testimony from any of the respondent’s employees who performed the tar and chip’work to rebut the claimant’s testimony. While there was no evidence that the respondent had actual notice of the road defect, the Court believes that the respondent failed to exercise reasonable care while resurfacing Route 36.
Therefore, the Court makes an award to the eláimaht- in the amount of $130.00.
Award of $130.00.