PER CURIAM:
The claimant, Melinda Lou Fish, seeks an award of $142.04 from the respondent, Division of Highways, for damage to her 1990 Dodge Daytona. The damage occurred on the morning of March 21, 1996, in Hancock County, while the claimant was driving on Route 3/4. During the drive, the claimant was traveling approximately five miles per hour when she encountered deep ruts which extended across the entire width of the road. As the vehicle proceeded through the rutted area, the claimant heard a “pop” which she believed was a shock absorber; however, the vehicle did not appear to be damaged.
Two days later, the claimant discovered that the stabilizer bar was broken. The claimant submitted an invoice into evidence which indicated that the cost to replace the stabilizer bar totaled $142.04.
Route 3/4 is a fourth priority one-lane dirt road which provides access to approximately thirteen homes. The claimant testified that she was familiar with the road, but it was in worse condition than she expected when the incident occurred. The claimant’s mother, Mary lane Fish, testified that she called the respondent’s maintenance department in Hancock County on February 28, 1996, and requested that the ruts on Route 3/4 be repaired. Ms. Fish also stated that she contacted the respondent at regular intervals after her initial call, but the road was not repaired until after her daughter’s accident.
Samuel J. DeCapio, the Hancock County-superintendent for the respondent, testified that he was responsible for maintaining roads in a safe condition for motorists. According to Mr. DeCapio, Hancock County experienced harsh weather conditions during January, February, and March 1996, which required the respondent to concentrate its resources and manpower on activities such as snow removal and flood control. Mr. DeCapio acknowledged that his office had received a complaint about the condition of Route 3/4 on February 28, 1996, but he stated that maintenance forces were busy repairing higher priority roads.
In Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979) this Court determined that the respondent owes a duty to motorists to exercise reasonable care and diligence in maintaining roads under all circumstances. Although this duty does not make the respondent a guarantor of the safety of motorists, it does require that the respondent act in an efficient and prudent manner so that road defects can be corrected as quickly as possible.
Based on the evidence presented in this claim, the Court finds that the respondent was aware of the ruts on Route 3/4 for approximately three weeks before the claimants’ vehicle was damaged, and it took no action to repair the ruts in the roadway. The Court recognizes that weather conditions periodically arose during this time period which prevented the respondent from working on low priority roads, but these conditions should not have prevented the respondent from addressing the road defect involved in this claim for such an extended period of time. Therefore, the Court finds *162 that the claimant has established liability on behalf of the respondent for the damage to her vehicle.
Accordingly, the Court makes an award to the claimant in the amount of $142.04.
Award of $142.04.