PER CURIAM:
The claimant, Cheryl Kesner, seeks an award of $5,000.00 from the respondent, Division of Highways, for damage to her vehicle, a 1986 Ford Escort GT. The damage occurred on June 23, 1995, at 12:00 noon, while Ms. Kesner was driving on Woolen Mill Road in Bruceton Mills, Preston County. The weather was overcast, and the pavement surface was wet and covered with freshly cut grass. According to Ms. Kesner, she was traveling approximately fifteen miles per hour when her vehicle unexpectedly slid off the roadway and into an embankment. Ms. Kesner’s testimony indicated that she lost control of her vehicle because the grass clippings created a slippery road surface. Her testimony also revealed that the grass was deposited on the pavement surface by the respondent’s employees while they were mowing along the roadway.
The damage to Ms. Kesner’s vehicle was covered by her automobile insurance. However, Ms. Kesner testified that she was required to pay $500.00 deductible.
According to the respondent’s work records, a road crew was mowing along Route 17 on July 23, 1995. This work was performed by using a Massey-Ferguson farm tractor with a slide mounted brush-hog. Ronald Burge, a general foreman for the respondent, testified that road signs were normally placed at both ends of a mowing area and a signal truck follows the tractor to warn *165 motorists of the mowing operation. However, his testimony indicated that the warning signs are normally placed at least three and a half miles apart. Mr. Burge, also admitted that the pavement is not ordinarily swept clean after an area is mowed, but he added that he has never seen a mower leave a significant amount of grass on a roadway.
The law of West Virginia is well settled that the State has a duty to exercise reasonable care and diligence in the maintenance of a highway under all circumstances. Adams vs. Dept. of Highways, 14 Ct. Cl. 214 (1982); and Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979).
Based on the evidence presented in this claim, it appears that the respondent failed to exercise reasonable care while mowing an area adjacent to Route 17. As a result, it created a hazardous driving condition. Therefore, this Court finds that the claimant has established liability on behalf-of the respondent. Accordingly, this Court makes an award to the claimant in the amount of $500.00.
Award of $500.00.