PER CURIAM:
The claimant, Eleanor Martino, seeks an award of $3,500.00 from the respondent, Division of Highways, for damage to her vehicle, a 1989 Oldsmobile Cierra. The damage occurred sometime during the first week of January 1996, while the claimant’s husband, Louis Martino, was driving the vehicle on Route 73 in Harrison County. During the drive, Mr. Martino was traveling approximately forty-five miles per hour when the vehicle struck a “road closed” sign. The sign was positioned on a wood frame and located in Mr. Martino’s lane, but it was facing away from Mr. Martino at the time of the accident. According to Mr. Martino, he was unable to see the sign because an oncoming vehicle had just passed him and his lights were dimmed.
As a result of the collision, the front end of the claimant’s vehicle was damaged. An estimate *167 from Harry Green Chevrolet, Inc. was submitted into evidence which indicated that the cost to repair the vehicle would total $3,506.19. Mr. Martino also testified that the insurance policy on the vehicle had a $250.00 deductible for collision damage.
William H. Wyckoff, a maintenance assistant for the respondent in Harrison County, testified that a section of Route 73 was closed beginning on March 14, 1995, and the road was not opened until May 10,1996. The road was closed because the pavement surface collapsed. According to Mr. Wyckoff, barricades and signs were placed on both ends of the are where the road was impassable, and an alternative route was established around the area.
In Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979), this Court determined that the respondent owes a duty to motorists to exercise reasonable care and diligence in maintaining roads under all circumstances. As part of this duty, the respondent must position warning signs in such a way that the signs effectively warn motorists of road hazards without creating a substantial risk of harm.
The facts in this claim establish that a portion of Route 73 was closed to motorists during January 1996, and a detour using U.S. Route 50 and Benedem Airport Road was established to allow motorists around the area. Mr. Martino circumvented the impasse by traveling on a Bridgeport City street rather than the established detour. It appears that after he bypassed the closed section of the road, he drove onto Route 73 and continued until the vehicle struck a sign. The sign was located in Mr. Martino’s lane, and it was apparently positioned to warn motorists traveling in the opposite lane that the road ahead was closed. The sign did not prevent motorists approaching the road closure in the other lane from passing the sign.
Based on the evidence, the Court believes that motorists could easily access the section of Route 73 between the road closure sign and the pavement failure from both directions. The Court also believes that it was the respondent’s negligent positioning of the road closure sign on the traveled portion of Route 73 which caused the damage to the claimant’s vehicle. Therefore, the Court makes an award to the claimant in the amount of her insurance deductible, $250.00.
Award of $250.00.