PER CURIAM:
The claimants, Joseph M. Melcher and Aspasia Melcher, seek an award of $642.57 from the respondent, Division of Highways, for damage to their 1975 Mercedes Benz and towing expenses. The damage occurred on October 27, 1995, at 5:00 p.m., while Mr. Melcher was driving on Route 61 near Deep Water, Fayette County. During the drive, Mr. Melcher was traveling approximately forty miles per hour when the bottom of his vehicle struck a railroad crossing. The impact ruptured the oil pan and caused severe damage to the engine. According to Mr. Melcher, the collision was caused by a rise in the pavement surface near the railroad crossing. The impact ruptured the oil pan and caused by a rise in the pavement surface near the railroad crossing which reduced the ground clearance of his vehicle as it descended the rise. The claimants’ insurance provider paid for most of the damage, but the claimants were required to pay a $500.00 deductible and $142.57 for towing expenses.
The claimants do not contend that the railroad crossing was defective or improperly marked. Instead, the claimants contend that the rise in the pavement near the railroad crossing caused their vehicle to hit the wooden crossing deck, and that the respondent should have placed a sign near the rise to warn motorists of this condition.
Ben Savilla, a claim investigator for the respondent, examined the railroad crossing and determined that the crossing was in excellent condition, and it was well marked with signals and stripes on the pavement surface. Mr. Savilla also testified that CSX was responsible for maintaining the railroad crossing, and the respondent has an easement to cross the railroad tracks.
Photographs of the railroad crossing and the pavement surface near the crossing were admitted as evidence. Several scrape marks on the wooden crossing deck and pavement surface were invisible in the photographs.
It is well settled that the respondent has a duty to exercise reasonable care and diligence in the maintenance of its highways under all circumstances. Adams vs. Dept. of Highways, 14 Ct. Cl. 214 (1982); Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979). The evidence presented in this claim indicated that a road defect existed near a railroad crossing which caused the bottom of the claimants’ vehicles to strike the crossing deck. Moreover, numerous scrape marks on the pavement surface and the crossing deck indicated that the problem has existed for a substantial time period. Therefore, the Court finds that the claimants have established liability on behalf of the respondent for the damage to their vehicle. The Court hereby makes an award to the claimants in the amount of $642.57.
Award of $642.57.