PER CURIAM:
The claimant, George R. Muth, seeks an award of $1,667.42 from the respondent, Division of Highways, for damage to his Harley-Davidson motorcycle. The damage occurred on August 5, 1995, at 11:30 a.m., when the motorcycle slid into a ditch along Route 48 in Marshall County. At this time, the claimant and Laura Ann Buck were riding together behind another motorcycle driven by Russell Anderson. According to the claimant, he was driving approximately fifteen miles per hour when he lost control of his motorcycle as it traveled through mud and gravel on the road. Mr. Anderson testified that the mud covered the entire width of the road for a distance of seventy-yards. Ms. Buck also observed the debris, and she testified that the mud was scattered across the entire road. The claimant testified that he was proceeding fifteen miles per hour because he had observed small amounts of mud and gravel at various locations on the road, and he was uncomfortable traveling any faster. The claimant contends that the mud and gravel was left on the roadway by the respondent after it finished cleaning the ditches adjacent to Route 48.
As a result of the accident, the claimant’s motorcycle sustained damage in the amount of $1,667.42.
Ronald Faulk, the Marshall County maintenance supervisor for the respondent, described Route 48 as a second priority road. Mr. Faulk testified that a road maintenance crew cleaned the ditches along Route 48 on Friday, August 4, 1995. Mr. Faulk was not present while the work was performed, but he stated that there were no complaints about mud and gravel on the road after the work was completed, the respondent’s maintenance records indicated that a grader, end loader, and dump truck were used to clean the ditches and remove debris from the road. According to Mr. Faulk, the end loader was used to scrape the debris off the road; however, he admitted that the loader normally leaves a small amount of material on the pavement. Mr. Faulk also noted that the respondent’s maintenance procedure for cleaning ditches along secondary roads does not require the use of a sweeper.
The law of West Virginia is well settled that the State is not a guarantor of the safety of *170 motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, the State does have a duty to exercise reasonable care and diligence in the maintenance of its highways under all circumstances. Adams vs. Dept. of Highways, 14 Ct. Cl. 214 (1982); Hobbs vs. Dept. of Highways, 13 Ct. Cl. 27 (1979).
After carefully considering the record, the Court finds that the claimant has established that his motorcycle was damaged as a result of debris on Route 48, and that he was operating his motorcycle in reasonable manner under the existing road conditions. The respondent admitted that it cleaned the ditches along Route 48 on August 4, 1995, and it established the normal procedures for performing this work. Nevertheless, the respondent did not present any testimony from its personnel who cleaned the ditches to establish the condition of Route 48 immediately after the work was completed.
Based on the evidence presented in this claim, the Court finds that the claimant has established liability on behalf of the respondent for the damage to his motorcycle. Accordingly, the Court makes an award to the claimant in the amount of $1,667.42.
Award of $1,667.42.