PER CURIAM:
Claimant brought this action for damage to his vehicle which occurred when he was traveling westbound over a bridge on Route 9 near Hedgesville, Berkeley County, and his vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of Route 9 in Berkeley County.
The incident giving rise to this claim occurred on May 1,2001, at approximately 2:00 p.m. The weather was clear and the road was dry. The bridge at issue on Route 9 has four lanes with two eastbound lanes and two westbound lanes divided by a concrete barrier At the time of this incident, respondent was overseeing a widening proj ect on the bridge. Claimant, Laurence Domenico, testified that he knew he was traveling through a constructi on zone. He was traveling west in the right 1 ane at approximately thirty miles *55 per hour when, suddenly and without warning, he saw a large hole in the road ahead of him. He looked to see if he could maneuver his vehicle into the left passing lane but he was unable to do so due to the volume of traffic both in front of and behind his vehicle. He described the impact as significant and loud. After his vehicle struck the hole, he attempted to slow it down, but the brakes did not work. Fortunately, claimant was in a five speed manual transmission automobile and he was able to slow the vehicle down and safely park it. The impact with the hole broke the vehicle’s brake system causing all the brake fluid to leak out and the brakes to fail. In addition, it broke the cable to the emergency brake. Following this incident, claimant contacted respondent and he was directed to respondent’s local field office at “Rock Cliff Drive” to report the incident, which he did. Claimant submitted a repair bill to the Court in the amount of $256.68 for damage to his brakes as well as his right wheel cylinder.
Claimant contends that respondent knew or should have known that this hole was present and taken the proper remedial actions.
It is respondent’s position that it did not have notice of the hole and that the contractor performing the project was responsible for maintenance during the road widening project.
Mark Baker, assistant county supervisor for respondent in Berkeley County at the time of this incident, is responsible for the maintenance of the highways in Berkeley County including the bridge at issue in this claim. Mr. Baker testified that at the time of this incident the bridge was four lanes with an approximate five to six foot shoulder on each side. He also testified that the respondent had an agreement with a contractor, Upon the Rock, which was to remove the deck from the bridge, restore the bridge, put a new deck on, and a new parapet wall. In addition, the contractor was extending the bridge to create three lanes and a five-foot shoulder. Mr. Baker testified that respondent had no knowledge of the hole prior to this incident and had he known of it he would have had it repaired. He also testified that, once a contractor is given a project such as this one, it is the contractor’s responsibility to properly maintain the structure while the job is being conducted. However, Mr. Baker also testified that the contractor has a duty to establish a field office for respondent’s use or respondent’s consultant’s use during the project. He testified that respondent is ultimately the supervisor for such a project. He also stated that respondent or its consultant oversees the daily operations and is to be on site while all work is being performed. According to Mr. Baker, respondent did in fact have an inspector or consultant on this job site.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). However, the Court has also held that respondent owes a duty to motorists to exercise reasonable care and diligence in maintaining roads under all circumstances. Hobbs v. Dept, of Highways, 13 Ct. Cl. 27 (1979); Lewis v. Dept, of Highways, 16 Ct. Cl. 136 (1985); Adkins v. Div. of Highways, 21 Ct. Cl. 13 (1995). To hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept, of Highways, 16 Ct. Cl. 8 (1985).
In the present case, the evidence established that respondent had at least constructive notice of the hole on the bridge. The Court rejects respondent’s argument that it should not be held liable for this damage because there was a private contractor who was responsible for the project. The evidence established that respondent had a local field office at the site of this incident. Respondent’s witness admitted that it had *56 someone on or near the site to oversee the daily operations of the contractor and to inspect the job. Thus, respondent should have been aware that this hole was present and taken the proper remedial actions to correct it. Its failure to do so was the proximate cause of claimant’s damages.
Accordingly, in view of the foregoing, the Court is of the opinion to and does make an award to the claimant in the amount of $256.68.
Award of $256.68.